SMITH v. RICHARDSON et al.

(Court of Civil Appeals of Texas. San Antonio. May 31, 1911.)

1. APPEAL AND ERROR (§ 784*)—DISMISSAL—FORM OF APPEAL.

It was no ground for the dismissal of an appeal from a final judgment dissolving an injunction that the appeal was in form from an order dissolving an injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3126, 3127; Dec. Dig. § 784.*]

2. APPEAL AND ERROR (§ 641*)—CERTIFICATION OF RECORD—INDORSEMENT BY CLERK.

Where a clerk, after certifying a transcript of a record on appeal, on the same page wrote the words of the indorsement required by district court rule 98 (67 S. W. xxvii), it was no ground for dismissing the appeal that such matter was not written on the back of the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2789, 2790; Dec. Dig. § 641.*]

Appeal from District Court, Atascosa County; W. W. Walling, Special Judge.

Actions between R. R. Smith and T. L. Richardson and others. From judgments in favor of the latter, the former appeals. On motion to dismiss. Overruled.

Motions to Dismiss Appeals.

NEILL, J. These two motions are in cases of the same style; the first being numbered on our docket as 4,763, the other as 4,764.

The alleged grounds for dismissal in each motion are substantially the same, and are: (1) That the appellant has attempted to appeal as though the judgment were a mere order dissolving an injunction, whereas the judgment is, in fact, final; and (2) the transcript of the record is not indorsed and signed officially as required by law.

[1] The first is no ground for dismissal at all. While, as asserted in the motions, the judgments are final and fully dispose of the subject-matter of the litigation, they can be appealed from as well as an interlocutory order dissolving a temporary injunction can.

[2] As to the second ground: While the transcript of the record in neither case is indorsed by the clerk, as required by rule 98 of the district court (67 S. W. xxvii), yet, after the clerk's certificate that the transcript contains a true and correct transcript of the record of all the proceedings had in the cause, etc., there appears, written on the same page, the words of the indorsement required by said rule. We do not believe that, because this was written on a page of the transcript, instead of on the back of it, this affords any ground for dismissing the appeals.

Therefore each motion is overruled.